IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MICHAEL RALPH REAGOSO | : | |
| a/k/a MICHAEL R. REAGOSO | | |
| a/k/a M. R. REAGOSO, | : | |
| | | |
| Debtor, | : | |
| | | |
| CAROL LYMAN REAGOSO | : | Case No. 06-12961(JKF) |
| a/k/a CAROL REAGOSO | | |
| a/k/a CAROL L. REAGOSO, | : | |
| | | |
| Joint Debtor. | : | |
| | | |
| MICHAEL H. KALINER, Trustee, | : | |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| MORTGAGE ELECTRONIC REGISTRATION | : | Adversary No. 07-0047 |
| SYSTEMS, INC. and | | |
| LITTON LOAN SERVICE, LP | : | |
| a/k/a LITTON LOAN SERVICING, INC., and | | |
| HOMEOWNERS LOAN CORP. | : | |
| | | |
| Defendants. | : | |

# MEMORANDUM OPINION

BY:   JEAN K. FITZSIMON
      United States Bankruptcy Judge

This matter comes before the Court on the Motion of Mortgage Electronic Registration Systems, Inc. ("MERS") and Litton Loan Servicing, Inc. ("Litton")

(collectively, "Defendants") to Dismiss the Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For reasons discussed below, the Motion is granted as to these Defendants. All Counts of the Complaint are dismissed with prejudice.

## BACKGROUND

In August 2003, Homeowners Loan Corp. ("Homeowners") provided refinancing to Michael and Carol Reagoso (the "Debtors") for their home at 40 Lochwood Lane in Chester County, Pennsylvania. The loan was later assigned to Defendant Litton Loan Servicing, Inc. The loan was then assigned to JP Morgan Chase, who is the beneficial and equitable owner of the loan. (See Motion, p.1 n.1). Mortgage Electronic Registration Systems, Inc. is a national clearinghouse for mortgage loans and is the record holder of the mortgage loan in question. (Id.).

A foreclosure action was brought by JP Morgan Chase in the Chester County Court of Common Pleas against the Reagosos. A foreclosure judgment was obtained in that court on April 7, 2006. (See Motion, Exhibit A; item #4 in Statement of Financial Affairs in Debtors' bankruptcy.) Debtors filed for Chapter 7 bankruptcy protection in this Court on August 17, 2006. Neither MERS, Litton, nor Homeowners has filed a claim in the Debtors' bankruptcy.

On February 16, 2007, Michael H. Kaliner, the Trustee acting on behalf of the Debtors, filed a four-count adversary proceeding alleging predatory lending practices against MERS, Litton, and Homeowners. Count I seeks damages, costs, and fees

pursuant to the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and its amendment, the Federal Home Ownership and Equity Protection Act of 1994 ("HOEPA"). Count II asks the Court to revise the mortgage due to an alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602 *et. seq.* Count III alleges damages pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1, *et. seq.* Count IV asserts a damages claim based on fraud. Homeowners timely answered the Complaint. Litton and MERS filed this Motion.

## DISCUSSION

### I. STANDARD ON A MOTION TO DISMISS

Defendants seek to have the Complaint dismissed pursuant to Rules 12(b)(1) & (b)(6) of the Federal Rules of Civil Procedure based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Courts distinguish between "facial" and "factual" attacks on subject matter jurisdiction. United States v. Pennsylvania Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). Courts review a "facial" attack based on the parties' pleadings but may look beyond the pleadings and consider affidavits and other evidence submitted by the parties in determining whether jurisdiction exists when ruling upon a "factual" attack. Taylor v. Whyy, Inc., 2006 WL 2711748, at *2 (E.D. Pa. Sept. 20, 2006). This court will treat the Motion as raising a "facial" attack. In ruling on Defendants' motion to dismiss for lack of subject matter jurisdiction, the Court will accept the allegations of the Complaint as true

and view them in the light most favorable to the Debtors. Peregrine Surgical, Ltd. v. Synergetics, USA, Inc., 2006 WL 3857492, at *2 (E.D. Pa. Dec. 29, 2006).

The purpose of a Rule 12(b)(6) motion is to "test the legal sufficiency of the complaint." Dee v. Marriott Int'l, Inc., 1999 WL 975125, at *2 (E.D. Pa. Oct. 6, 1999). Such a motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Taliaferro v. Darby Township Zoning Board, 458 F.3d 181,188 (3d Cir. 2006) (internal quotation and citation omitted). In considering a motion to dismiss, a court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, [viewing] them in the light most favorable to the plaintiff." Id. (citation omitted). A complaint may not be dismissed for failure to state a claim upon which relief may be granted unless a court finds that "the plaintiff can prove no set of facts that would entitle her to relief." Buck v. The Hampton Township School District, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted).

## II. THE *ROOKER-FELDMAN* DOCTRINE

The preliminary issue is whether the Court has jurisdiction to hear this matter. Defendants correctly argue that the Court lacks subject matter jurisdiction to determine the merits over a portion of this dispute due to the *Rooker-Feldman* doctrine. This doctrine "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). A claim is barred from federal adjudication according to the *Rooker-Feldman* doctrine if: (1) "the federal claim

4

was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication." Knapper, 407 F.3d at 580. Defendants contend that because the adversary proceeding seeks essentially to attack the state court foreclosure judgment, this federal court does not have the ability to adjudicate the adversary and possibly review the underlying state court ruling. MERS and Litton's argument are correct only as it pertains to Count II of the Complaint -- the Plaintiff's request that the Reagosos' mortgage be revised. However, Rooker-Feldman does not preclude the relief sought by the Trustee in Counts I, III, and IV of the Complaint because those causes of action seek only damages as relief.

Recently this Court issued an opinion holding that the Rooker-Feldman doctrine bars a claim for recession under TILA but not a claim for damages under RESPA. See In re Cooley, ___ B.R. ___, 2007 WL 781952 (Bankr. E.D. Pa. Mar. 13, 2007). Courts in this district have, in fact, consistently drawn such a distinction, holding that claims for recession or other relief calling a Debtor's mortgage itself into question may not proceed pursuant to Rooker-Feldman, but claims for damages may go forward following a state court foreclosure judgment. See In re Stuart, ___ B.R. ___, 2007 WL 1032261 (Bankr. E.D. Pa. Apr. 6, 2007); In re Madera, ___ B.R. ___, 2007 WL 521323 (Bankr. E.D. Pa. Feb. 8, 2007); In re Randall, 358 B.R. 145 (Bankr. Nov. 1, 2006); In re Faust, 353 B.R. 94 (Bankr. E.D. Pa. 2006). The reason for this distinction is that a mortgage foreclosure is strictly an action *in rem* with regard to the property, whereas TILA and RESPA damage claims are *in personam* in nature. In re Faust, 353 B.R. at 103. See also In re Randall, 358 B.R. at 157 ("A judgment in a mortgage foreclosure action is not

5

a judgment for money damages and therefore cannot be 'an action to collect the debt' as required under . . . the Truth-in-Lending Act. Therefore, a set-off for an alleged violation of the Truth-in-Lending Act cannot be asserted as a counter-claim in a mortgage foreclosure action"). In other words, only actions related to the mortgaged property may be pursued in a state foreclosure proceeding. Actions for money damages against private parties do not find their home in state foreclosure suits.

In applying the above principles to the facts of this proceeding, the *"relief sought . . .* by the federal plaintiff will be particularly significant in determining whether the *Rooker-Feldman* doctrine" bars the claims in question. In re Randall, 358 B.R. at 155-6 (emphasis in original). Does the plaintiff seek an *in rem* relief related to the property or strictly damages as relief? Counts I, III, and IV of the Trustee's Complaint seek only damages rather than revision or rescission of the underlying mortgage document. Because such relief would not affect or undermine the state court foreclosure judgment related to the Reagosos' mortgage, these counts of the Complaint will not be dismissed based on the *Rooker-Feldman* doctrine.

Count II of the Complaint, however, must be dismissed for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine because it asks the Court to revise the Debtors' mortgage due to an alleged violation of RESPA and thus essentially seeks review of a key element of the state court judgment. The state court foreclosure proceeding was "dependent upon the existence of a valid mortgage." In re Stuart, ___ B.R. ___, 2007 WL 1032261, at *6 (citing In re Randall, 358 B.R. at 158). The Plaintiff cannot seek to change the terms of the mortgage in federal court without collaterally

6

attacking the state court judgment which was dependent on the existence of the prior valid mortgage document. Such an alteration would be tantamount to this Court altering a state court judgment and would be a violation of the *Rooker-Feldman* doctrine. Indeed, what the Trustee effectively asks the Court to do in revising the Reagosos' loan is to impose the initial terms allegedly promised to them by Homeowners. This would require the Court to rescind the existing contract and institute a new one. Count II of the Complaint will therefore be dismissed with prejudice for lack of subject matter jurisdiction.[1]

Counts I, III, and IV, however, survive Defendants' *Rooker-Feldman* argument due to the fact that they seek relief in damages only and do not set out to alter the state court judgment.

## III. *RES JUDICATA*

Defendants further seek dismissal of the Trustee's Complaint based on *res judicata*, or the principle that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citations omitted). Defendants argue that the Debtors already had their day in state court to raise any and all claims and defenses regarding the causes of action being pursued in this adversary. According to the Defendants, the Reagosos received a judgment on the

---

[1] For the reasons discussed, neither does the Court have jurisdiction over Count II of the Complaint with regard to Homeowners. That portion of Count II will be dismissed in a separate order.

merits and cannot receive a second chance to litigate the same issues in this forum. Such reasoning is flawed, however, because the causes of action litigated in the remaining Counts of the Complaint (Counts I, III, and IV) are not the same issues that were litigated in the state court, nor, as discussed, could such affirmative damage relief have been litigated in a state foreclosure action.

In fact, courts in this circuit, applying Pennsylvania law, have consistently held that, because plaintiffs have no opportunity to raise TILA and other personal damage claims in state court mortgage foreclosure proceedings, *res judicata* does not bar later pursuit of such claims. See In re Jones, 122 B.R. 246, 251 n.4 (W.D. Pa. 1990) ("Jones' TILA claim is not barred by *res judicata* because state law prohibits assertion of such a claim as a defense to a foreclosure action."); In re Randall, 358 B.R. at 166; In re Faust, 353 B.R. at 103. Because the Reagosos had no opportunity to raise TILA, HOEPA, UTPCPL, or fraud damage claims in their Pennsylvania foreclosure proceedings, it would make little sense to preclude them from raising such causes of action at a later time. Therefore, no portion of the Complaint is dismissed based on *res judicata*.

## IV. WHETHER THIS IS A HOEPA LOAN

Defendants next correctly assert that the cause of action under HOEPA in Count I must be dismissed because the Plaintiff fails to allege that the loan the Reagosos obtained to refinance their home was one which meets the specific

8

requirements outlined by the Federal Home Ownership and Equity Protection Act. HOEPA creates "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees." In re Community Bank of Northern Va., 418 F.3d 277, 304 (3d Cir. 2005). HOEPA protections apply if a loan meets

> one of two high-cost loan triggers: (1) the annual percentage rate ("APR") exceeds by eight percent the yield on Treasury securities of comparable securities of comparable maturity for first lien loans, or above ten percent for subordinate-lien loans; or (2) the total of all the loan's points and fees exceed eight percent of the loan total or $400 (adjusted for inflation), whichever is greater. (citation omitted).

Id. at n.22. See also In re Balko, 348 B.R. 684, 691 (Bankr. W.D. Pa. 2006).

The APR on the Reagosos' loan is 8.909% (Complaint, Exhibit C). The Plaintiff would therefore need to demonstrate that the yield on Treasury securities of comparable maturity was .909% (8% less than the APR of this loan). Alternatively, the total of all the loans' fees, per the settlement sheet attached to the Complaint as Exhibit C, is approximately $12,000 by the Court's calculations, and is far less than the $28,000 which is 8% of the $350,000 loan amount needed to qualify this loan as a HOEPA loan. Even if the Court were to dismiss this portion of Count I without prejudice in order to give the Plaintiff an opportunity to replead this allegation with a degree of specificity as to why this loan qualifies as a high interest loan per the definition outlined above, the Court is dubious as to the qualification of this loan, with an interest rate of 7.25%, as one with particularly high interest or fees. However, as set forth in Section VI, this Count will be dismissed with prejudice on other grounds.

## V. WHETHER THE TILA CLAIMS MAY BE BROUGHT AGAINST THE DEFENDANTS AS ASSIGNEES OF THE LOAN

The remaining portion of Count I, that the loan to the Debtors violates TILA, must be dismissed because the Trustee does not allege misrepresentations on the part of the lenders that are apparent on the face of the disclosure statement. TILA imposes assignee liability only if the violation in question is "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). "[A] violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned or (2) a disclosure statement which does not use the terms required to be used by this subchapter." The Third Circuit takes this statute literally; "'apparent on the face' means exactly that - for an assignee to be liable under TILA, the violation must be apparent on the face of the assigned disclosure documents." Ramadan v. Chase Manhattan Corp., 229 F.3d 194,198 (3d Cir. 2000). See also In re Washington, 2007 WL 846658, at *5 (Bankr. E. D. Pa. Mar. 19, 2007) ("In addition to *Ramadan*, several district courts in this Circuit have likewise concluded that assignee financial institutions have no duty to inquire or refer evidence or documents extraneous to the disclosure documents in cases where the alleged violation is not apparent on the face of the disclosure documents assigned."); McMaster v. CIT Group/Consumer Finance,

Inc., 2006 WL 1314379 (E.D. Pa. May 11, 2006); Kane v. Equity One, Inc., 2003 WL 22939377 (E.D. Pa. Nov. 21, 2003).

In this case, the upshot of the Plaintiff's Complaint is that the Reagosos were made a loan offer by Homeowners and then were presented with different terms at settlement of the loan. See Complaint, ¶15 (referring to alleged "'bait and switch'" tactics). The Complaint does not point to a portion of the disclosure statement which is incomplete, inaccurate, or does not use the terms required by TILA. Because the Trustee fails to allege a violation apparent on the face of the disclosure statement of the loan, there is no reason to believe that an assignee of the loan would have reason to be on notice of any potential violation, as is necessary to meet the Third Circuit test outlined above. Thus, absent the issue addressed below in Section VI, the TILA portion of Count I as it relates to MERS and Litton would be dismissed without prejudice.

## VI. STATUTE OF LIMITATIONS

The Court grants the Defendants' Motion to Dismiss Count I due to the fact that both the Plaintiffs' TILA and HOEPA causes of action are barred by a one-year statute of limitations. See 15 U.S.C. § 1640(e). See also Smith v. Litton Loan Servicing, L.P., 2005 WL 289927, at *10 (E.D. Pa. Feb.4, 2005) (dismissing TILA claim as time-barred). The alleged loan violations stem from events that took place in August 2003, or approximately three and a half years prior to the filing of this adversary proceeding.

11

Complaint, ¶12. The Trustee offers no reason that the statute of limitations should be waived, other than asserting equitable tolling at oral argument. However, no allegation or evidence suggesting any activity by these Defendants to mislead or prevent the Reagosos from asserting their rights has been presented. Accordingly, equitable tolling is not appropriate here. Count I is, therefore, dismissed with prejudice.

Count II of the Complaint has also been dismissed (for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine). What is left of the Complaint are Counts III and IV.

## VII. STATE LAW CLAIMS

The Complaint's state law claims -- Count III alleging a cause of action under the UTPCPL and Count IV, asserting fraud -- will be dismissed with prejudice. Defendants correctly assert that they are not labile with regard to these causes of action pursuant to the holder in due course doctrine, which states that an innocent assignee takes an instrument free and clear of all claims and defenses. See State Street Bank & Trust Co. v. Strawser, 908 F. Supp. 249 (M.D. Pa. 1995); 13 Pa. C.S.A. § 3302. The Trustee points only to an inapposite case in his response to the Motion, Rothman v. Fillette, 503 Pa. 259, 469 A.2d 543 (1983), which discusses the consequences of an agent's fraud, not an assignee's liability. That case has no bearing on this adversary proceeding.

The Court has considered other cases which do bear more closely on this issue. Recently, in Green Tree Consumer Discount Co. v. Newton, 909 A.2d 811 (Pa. Super.

12

2006) the Superior Court held that an assignee of a mortgage refinancing loan involving the purchase of new siding was subject to claims and defenses of a fraud claim. The Court discussed "Pennsylvania's recognition of the broad application of the holder notice" or the provision in the C.F.R. which mandates the following notice to be placed in all consumer credit contracts: "[a]ny holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." Green Tree, 909 A.2d. at 817; 16 C.F.R. § 433.2. However, that portion of the C.F.R. is inapplicable here because a "consumer credit contract" does not include mortgage loans. See Johnson v. Long Beach Mortg. Loan Trust 2001-4, 452 F. Supp. 2d. 16, 55 (D.D.C. 2006). Therefore, Green Tree's discussion of the exception to the holder in due course rule does not determine the outcome of the issue presented here.

The Court also notes decisions in this district holding that compliance with TILA is a complete defense to a state law fraud claim being asserted against an assignee of a loan contract. See Psensky v. American Honda Finance, 378 N.J. Super. 221, 875 A.2d 290 (2005). The Psensky Court reasoned that TILA preempted the plaintiff's state law claim. See also Alexiou v. Brad Benson Mitsubishi, 127 F.Supp. 2d 557, 564 (D.N.J. 2000) ("It would be contrary to the goals of TILA to hold an assignee liable under a state statute even though the assignee has been assigned a contract that appears perfectly compliant with the law on its face"). While this Court need not go that far today, it notes these decisions for being consistent with its holding. The state law

claims of unfair and deceptive trade practices and fraud are dismissed with prejudice with regard to the Defendants, who are mere holders in due course of the Reagosos' mortgage loan.[2]

## CONCLUSION

For the reasons discussed, all counts of the Complaint are dismissed with prejudice as to Litton and MERS. The Trustee fails to articulate why the Reagosos' home loan qualifies under HOEPA or why the Defendants' alleged violation of TILA is apparent on the face of the disclosure statement. The TILA and HOEPA claims are dismissed, however, because they fall outside the applicable statute of limitations. Count II of the Complaint is dismissed with prejudice due to lack of subject matter jurisdiction per the *Rooker-Feldman* doctrine. Counts III and IV of the Complaint do not state a claim for which relief can be granted with regard to these Defendants.

---

[2] Because the Court will dismiss the Plaintiff's fraud claim against MERS and Litton with prejudice, it is unnecessary to address Dependants' argument that the Trustee has failed to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| MICHAEL RALPH REAGOSO<br>a/k/a MICHAEL R. REAGOSO<br>a/k/a M. R. REAGOSO, | :<br><br>: | |
| Debtor, | : | |
| CAROL LYMAN REAGOSO<br>a/k/a CAROL REAGOSO<br>a/k/a CAROL L. REAGOSO, | :<br><br>: | Case No. 06-12961(JKF) |
| Joint Debtor. | : | |
| MICHAEL H. KALINER, Trustee, | : | |
| Plaintiff, | : | |
| v. | : | |
| MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC. and<br>LITTON LOAN SERVICE, LP<br>a/k/a LITTON LOAN SERVICING, INC., and<br>HOMEOWNERS LOAN CORP. | :<br><br>:<br><br>: | Adversary No. 07-0047 |
| Defendants. | : | |

## ORDER

This 6th day of June, 2007, for the reasons discussed in the Memorandum Opinion accompanying the Order granting Defendants Mortgage Electronic Registration Systems, Inc. and Litton Loan Servicing, Inc.'s Motion to Dismiss the Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Count

II of the Complaint in the above-referenced adversary procedure is dismissed with prejudice with regard to Homeowners Loan Corporation.

*[signature]*

JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

Andrew L. Swope, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
17 North Second Street, 18th Floor
Harrisburg, PA 17101

John J. Warenda, Jr., Esquire
651 North Pennsylvania Avenue
Morrisville, PA 19067

Jonathan J. Bart, Esquire
Wilentz Goldman & Spitzer, P.A.
Two Penn Center, Suite 910
Philadelphia, PA 19102